**Elizabeth Garmire, Defendant in Error, v. McDonough & Company, Plaintiff in Error.**

**Gen. No. 20,682.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed January 27, 1916.

## Statement of the Case.

Action by Elizabeth Garmire, plaintiff, against McDonough & Company, a corporation, defendant, in the Municipal Court of Chicago, to recover for services alleged to have been performed in its behalf. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

This action arose out of the same transaction as *Sargent v. McDonough & Co., ante,* p. 523, where the facts are more fully stated.

It appeared that plaintiff was the wife of C. O. Garmire, former secretary and treasurer of the defendant company, and owner of twenty-four of the twenty-five shares of its stock. One share seems to have been in the name of the plaintiff, but it appeared to have been the property of her husband. Garmire had undertaken to publish an architects' directory, and up to the time when plaintiff's services are alleged to have begun, the work was being carried on by or through the defendant. The president, Mr. Young, was at that time in charge of the proposed directory, and all moneys collected were deposited to the credit of the defendant. Garmire, who was in Portland, Oregon, wrote the plaintiff in March, 1912, instructing her to take charge of the directory, receive all mail, attend to all correspondence, receive all money and pay it out, and to discharge Young if he objected. Garmire assured plaintiff that she could do this by calling a meeting of

the company and voting his twenty-four shares of stock. Plaintiff thereupon took charge of the directory, closed out the defendant's bank account, deposited all moneys received to the private account of Garmire, from March 4, 1912, to December 24, 1912. She also testified that all moneys received were used either by her husband or herself, and that while she had charge of whatever books there were, she never made entries indicating that she was employed by the company. The plaintiff acted under the authority of Garmire alone. The evidence did not disclose any authority in him to employ any one on behalf of the company. The record further disclosed that the plaintiff at all times acted as agent for Garmire personally, and alone.

In March, 1913, the stock of the defendant owned by plaintiff's husband was purchased by a third party, who did not know and could not have known that plaintiff had any claims against defendant.

MILLS & HOLLY, for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 173*—*when owner of majority of stock may not hire employees.* In an action against a corporation to recover for services rendered to it, where it appeared that plaintiff was engaged to perform the services sued for by one owning all but one share of defendant's stock, but had no other authority, *held* that plaintiff was not hired by any one having legal authority to represent defendant.

2. CORPORATIONS, § 471*—*when recovery only on implied contract of employment.* A recovery for services rendered to a corporation without being hired to perform such services by a person having legal authority to represent the corporation can only be had on an implied contract for work done for its benefit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Garmire v. McDonough & Co., 197 Ill. App. 527.

3. CORPORATIONS, § 363*—*when third person affected by acts done in management of corporation without authority.* The rule that third persons dealing with a corporation without knowledge of its internal management are not affected by acts done in such management, although without authority, has no application to a case where the action is for services alleged to have been rendered to the corporation by a plaintiff who was engaged to perform such services by one owning all but one share of the stock of the corporation, plaintiff having no other authority, and who, in rendering such services, conducts the business of the corporation as the private business of such stockholder.

4. ASSUMPSIT, § 1*—*what is nature of action of.* In actions of *indebitatus assumpsit* the law invokes the fiction of an implied promise on equitable grounds to promote the ends of justice.

5. ASSUMPSIT, § 6*—*when does not lie against corporation.* No promise by a corporation can be implied to pay for services as a basis for an action of *indebitatus assumpsit* rendered to it by a plaintiff who was employed to render such services by one owning all but one share of the stock of such corporation, plaintiff having no other authority, where in rendering such services plaintiff conducted the business of such corporation as the private business of such stockholder.

6. CORPORATIONS, § 363*—*when not liable on unauthorized contract by stockholder.* No legal or equitable grounds exist on which to support a judgment against a corporation for services rendered to it by a plaintiff who was engaged to perform such services by one owning all but one share of the stock of such corporation, plaintiff having no other authority, where in performing such services plaintiff conducted the business of such corporation as the private business of such stockholder.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.